**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abelardo Gil,<br><br>Defendant. | No. CR-19-01425-001-PHX-JJT<br><br>**ORDER** |

At issue is Defendant's Motion to Dismiss Indictment, or Parts Within the Indictment. (Doc. 22, "Motion" or "Mot.") The Court has considered the Motion, the Government's Response (Doc. 23), Defendant's Reply (Doc. 26), and the Notice of Supplemental Authority (Doc. 27). For the following reasons, the Motion is denied.

## I.  BACKGROUND

On November 29, 2019, Defendant was traveling westbound on the I-10 and pulled over by the Pinal County Sherriff's Office for various traffic violations. (Doc. 1, Compl. ¶ 2.) Border Patrol Agents arrived on the scene and determined that the three passengers in the back seat of Defendant's vehicle were illegally present in the United States. (*Id.* ¶ 6.) These individuals and Defendant were placed under arrest. (*Id.* ¶ 7.) A Grand Jury indicted Defendant on one count of Transportation of an Illegal Alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(ii). (Doc. 13, "Indictment.") The Indictment alleges:

> On or about November 29, 2019 . . . [Defendant], knowing and in reckless disregard of the fact that certain aliens, Manuel Arreola-Ortiz and Ronnie

> Apolinario-Ramos, had come to, entered, and remained in the United States in violation of law, did knowingly transport and move said aliens within the United States by means of transportation and otherwise in furtherance of such violation of law.

(*Id.*) Defendant moves for dismissal of the Indictment, arguing that it fails to allege an essential element of the charged offense. (Mot.)

## II. LEGAL STANDARD

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

## III. ANALYSIS

Defendant argues that the Indictment is "fatally defective" for lack of "essential fact allegations pointing to a law that created a continuing violation furthered by the transport by [D]efendant." (Mot. at 11.) Specifically, Defendant argues that the aliens' unauthorized entry into the United States was complete upon entry and therefore not a "continuing offense" which could have been "furthered" by Defendant's transportation of said aliens. (*Id.* at 4.) Additionally, Defendant argues that an alien who is inadmissible under 8 U.S.C. § 1182(a)(6) is not "unlawfully present." (*Id.* at 6–9.)

The Court finds each argument unpersuasive. The Indictment charges Defendant with violating 8 U.S.C. § 1324(a)(1)(A)(ii), which provides that:

> Any person who[,] knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports . . . such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law . . . shall be punished as provided in [8 U.S.C. § 1324(a)(1)(B)].[1]

While the Indictment does not specify the particular "law" that the transported aliens were "in violation of," it does allege each element of the charged offense. It is enough, under the plain language of 8 U.S.C. § 1324(a)(1)(A)(ii), that the Indictment alleges that the transported aliens were "in violation of law" in coming to, entering, or remaining in the United States and that Defendant "furthered" such violation by transporting them. *See United States v. Garcia-Quintana*, No. CR-19-08261-001-PCT-GMS, 2020 WL 136290, *1–2 (D. Ariz. Jan. 13, 2020). The statute does not require a person to know (or recklessly disregard) that the transported alien is in violation of a *particular* federal law, *e.g.*, 8 U.S.C. § 1325(a) or 8 U.S.C. § 1326(a), in order for there to be a violation. Rather, a person need only know or recklessly disregard that an alien he transports is not authorized to be in the United States, *i.e.*, that the alien remains in the United States in violation of law, and his transportation of the alien furthers such violation. Defendant cites no authority for the proposition that the Indictment needs to elaborate any further.

Moreover, the fact that the aliens' crime of illegal entry was complete prior to Defendant transporting them is immaterial as unauthorized presence in the United States is a "violation of law," albeit a civil–rather than criminal–one. *See Gonzales v. City of Peoria*, 722 F.2d 468, 476–77 (9th Cir.1983) (explaining that illegal presence is "a civil violation"), *overruled on other grounds by Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999); *Melendres v. Arpaio*, 989 F. Supp. 2d. 822, 891 (D. Ariz. 2013) (explaining that aliens who are in the United States "without or in excess of authorization" have committed at least a civil "violation of law"). Thus, the Indictment is valid as it sufficiently alleges each element of the charged offense.

---

[1] The Indictment also alleges violation of 8 U.S.C. § 1324(a)(1)(B)(ii), which provides the penalty violating 8 U.S.C. § 1324(a)(1)(A)(ii).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment, or Parts Within the Indictment (Doc. 22.) is DENIED.

Dated this 6th day of April, 2020.

_____
Honorable John J. Tuchi
United States District Judge